G. A. HEFT AND EDNA S. HEFT, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 66913. Filed April 20, 1960.

*Gibbons Burke, Esq.*, for the petitioners.
*Towner S. Leeper, Esq.*, for the respondent.

## OPINION.

Murdock, *Judge:* The Commissioner determined a deficiency of $27,582.20 in income tax of the petitioners for 1952. The facts have been submitted by stipulations which are adopted as the findings of fact. The question is whether a gain realized by the petitioner is taxable as ordinary income under section 117(m).

The petitioners are husband and wife. They filed a joint return for 1952 on a cash basis with the district director of internal revenue at New Orleans, Louisiana. G. A. Heft will hereafter be referred to as the petitioner.

The petitioner owned all of the stock of Gulf Construction Corporation, which was organized in 1949. Its cost to him was $1,000. The corporation purchased 53 unimproved Sheryl Park lots in September 1950. It constructed a single-family dwelling on each lot. The anticipated selling prices of the houses and lots were not less than $7,825 and not more than $8,800. These improved properties are referred to herein as Sheryl Park properties. The corporation sold 16 of the properties prior to January 21, 1952. The profit realized by the corporation from the sale of those 16 properties was $5,092.54. It also received $2,704.63 as net rent from those houses prior to January 21, 1952.

The directors of the corporation voted unanimously on January 21, 1952, to liquidate the corporation. The petitioner was appointed liquidator. He transferred 26 of the Sheryl Park properties from the corporation to himself in partial liquidation on January 21, 1952, and thereafter, in final liquidation of the corporation, he transferred to himself $11,715.61 in cash on October 31, 1952.

The corporation sold 11 Sheryl Park properties after January 21, 1952. The last sale was on May 14, 1952. The gain realized by the corporation on those sales was $15,088.07. It also received $423.50 as net rent from those houses.

The petitioners on their return for 1952 reported their gain from the liquidation of the corporation as a long-term capital gain. They included in the fair market value of the assets received the cash, prepaid insurance, and the 26 Sheryl Park properties.

The Commissioner, in the determination of the deficiency, added to the income as shown on the return $34,478.63 described as "Gain on liquidation of Gulf Construction Corporation." He explained, "It has been determined that you realized a gain of $60,241.01 from the liquidation of Gulf Construction Corporation rather than $51,524.75 as reported on your return and that the gain thus realized is taxable as ordinary income rather than as capital gain." His conclusion that the gain was taxable as ordinary income rather than as capital gain was on the ground that Gulf Construction Corpora-

tion was a collapsible corporation and section 117(m) applied. Included by the Commissioner in his computation of the gain were the value of 26 Sheryl Park properties and prepaid insurance thereon transferred to the petitioner on January 21, 1952, and $11,715.61 in cash distributed to the petitioner on October 31, 1952.

The gains to the petitioner from the distribution to him of the Sheryl Park properties and from the distribution to him of the cash can be computed from the stipulation.

The 26 Sheryl Park properties transferred to the petitioner were sold by him in 1952, 23 in March, 2 in May, and the last one on September 17, 1952. The total sale price received by him for the 26 properties was $217,500.

Section 117(m) provides, in effect, that gain from the liquidation of a collapsible corporation is taxable as ordinary income. The definition of a collapsible corporation includes one formed or availed of principally for the construction of property with a view to "a distribution to its shareholders, prior to the realization by the corporation * * * of a substantial part of the net income to be derived from such property" and "the realization by such shareholders of gain attributable to such property." The petitioner has stated that the reason for the distribution of the 26 Sheryl Park properties to him was to avoid a tax at the corporate level on the sale of the properties. No claim is made that any of the limitations of section 117(m)(3) apply. The parties agree that "[t]he applicability of section 117(m) turns on the narrow problem of whether the corporation realized a substantial part of the net income to be derived from the property prior to distribution to petitioners."

The words "the net income to be derived from such property" mean the total income which on January 21, 1952, might reasonably have been expected from the 53 Sheryl Park properties. *Rose Sidney*, 30 T.C. 1155, 1163, affd. 273 F. 2d 928 (C.A. 2). The corporation actually derived profits of $20,180.61 from the sales of 27 of those properties and $3,128.13 from rent on those properties, a total of $23,308.74. A reasonable expectation on January 21, 1952, would have been that approximately that amount of income would be derived from those sources. Cf. *Glickman* v. *Commissioner*, 256 F. 2d 108, affirming a Tax Court Memorandum Opinion. Also, it would have been reasonable to have expected on January 21, 1952, that comparable income would be derived from the other 26 properties. In other words, it would have been reasonable to have expected on January 21, 1952, that profits of about $39,600 would be derived from sales of the 53 properties and about $6,100 would be derived from the rental of those properties, or a grand total of $45,700. Certainly it has not been shown that these were not reasonable expectations on January 21, 1952.

Thus, less than 12.86 per cent of the income from sales and less than 17.07 per cent of the income from both sales and rentals had been realized by the corporation "prior to" the distribution. No error appears here in the determination of the Commissioner that this corporation was a collapsible one whether the test of "substantial" is applied to the income derived by the corporation before the distribution or is applied to the income that might be expected to be derived thereafter. *James B. Kelley*, 32 T.C. 135; *J. D. Abbott*, 28 T.C. 795, aff'd. 258 F. 2d 537.

Gulf Corporation was formed or availed of principally for the construction of property with a view to a distribution to its sole stockholder, prior to the realization by the corporation of a substantial part of the net income to be derived from the 53 Sheryl Park properties and the realization by its sole stockholder of gain attributable to those properties. It was a collapsible corporation within the provisions of section 117(m). Consequently, the gain on the petitioner's stock derived from the liquidation of this collapsible corporation to the extent that it would be considered (but for the provisions of that section) as gain from the sale or exchange of a capital asset held for more than 6 months, must be considered as gain from the sale or exchange of property which is not a capital asset.

*Decision will be entered under Rule 50.*